Honegsberger v. Second Avenue R. R. Company.

DANIEL HONEGSBERGER *v.* THE SECOND AVENUE R. R. COMPANY.

In determining what would or would not be negligence on the part of a child six years of age, it is not to be understood that a child of that age is to be held to the same degree of caution, foresight and discretion that would be exacted from an adult.

If a child exercises the caution of one of its years, that is all that can be required of it. More would be impossible, and the law does not exact an impossibility.

A request to charge that it is negligence on the part of a parent to allow a child six years old to go alone in the streets,—*Held*, properly refused.

APPEAL from an order of the special term denying the defendant's motion for a new trial, and from the judgment entered in the action in favor of the plaintiff.

The action was brought to recover damages against the defendants for the negligence and carelessness of the driver of one of their cars, by which the infant son of the plaintiff, aged about six and a half years, while returning from school, was run over by defendant's car, and his arm so crushed that amputation became necessary.

Judge DALY charged the jury as follows:

" This action is brought by the father of the injured boy, to recover pecuniary satisfaction for the loss which he, the plaintiff, has sustained, by reason of the accident. It is not for the [pa]in and suffering of the child, nor for his prospective services.

It is necessary for the plaintiff to prove that the injury was produced by the negligence of the defendants—by their *exclusive* negligence—and that the boy's negligence did not contribute to it. But in determining what would or would not be negligence on the part of the boy, it is not to be understood that a child of the age of the boy is to be held to the same degree of caution, foresight and discretion that would be exacted from an adult. If the child has arrived at an age in which his parents, in the exercise of a sound discretion, are

justified in permitting him to go to school alone and unattended ; if they are chargeable with no negligence in suffering him to do so, the child, while in the public streets, is to be held only to the exercise of that caution and discretion of which children of his age are presumed to be capable. If he does that, it is all that the law can require. There may be cases in which an adult, in going through, or in crossing the public street, would be expected to exercise a degree of discretion and judgment, in respect to the safety of his person, or to avoid accidents, which could not, to the same extent, be expected from a child, though he had arrived sufficiently at years of discretion to justify his parents in allowing him to go into the public streets alone, especially in going to and from school. Where parents cannot be held chargeable with negligence, in permitting a child to go unattended into the public streets, the law will hold the child bound to the exercise of care and caution, to the extent of its capacity—that is, to the same care, caution, and judgment that would be expected in those of the same age ; and if, in the view of the law, you are of opinion that the boy was guilty of negligence, and that that negligence contributed to the accident, the plaintiff cannot recover.

" The recovery of the plaintiff, if any, must be limited to his actual expenditures, nurse's bill, doctors' bills, &c."

The defendant's counsel thereupon duly excepted, and requested His Honor to charge that it was negligence on the part of the plaintiff to allow his son, a lad of six years of age, to be in the crowded streets of the city without a protector ; but the judge refused so to charge, and the counsel excepted to such refusal.

The jury thereupon found a verdict for plaintiff for $869 50.

The defendants moved for a new trial on a case made, which motion was denied, and defendants appealed.

*Waldo Hutchins* and *John H. Platt*, for appellants.
*Andrew Boardman*, for respondents.

By the Court.—Hilton, J.—We think this case was properly left to the jury, and that the charge of the judge is not

open to any objection. When the law considers a child to be of sufficient maturity to go alone in the public streets (2 Rev. Stat. 5th Ed. 165, § 266), it certainly cannot require any greater caution or prudence from it than its age will justify.

If, therefore, the child exercises the caution of one of it years, that is all that can be expected of it. To desire more would be to require it to have the judgment of a person of mature years; and as this would be impossible, the proposition is conclusively answered by saying that the law does not exact an impossibility.

Order affirmed.